872 So.2d 87 (2004)
Richard STONE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00136-COA.
Court of Appeals of Mississippi.
April 27, 2004.
Richard Stone, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
KING, P.J., for the Court.
¶ 1. Richard Stone pled guilty in the Lowndes County Circuit Court to the statutory rape of a twelve-year-old child. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. On March 8, 2002, Stone filed a petition for post-conviction collateral relief. That petition was denied in May, 2002. Stone filed a second petition for post-conviction collateral relief entitled "motion to withdraw guilty plea," which was denied in September 2002. He filed a notice of appeal which was considered as a motion for out-of-time appeal. That motion was denied. Stone has filed this appeal pro se alleging the following errors:
*88 I. Did the trial court err in denying Stone's motions for post-conviction collateral relief and out-of-time appeal?
II. Did Stone receive an illegal sentence?
III. Was Stone's guilty plea voluntary?
IV. Did Stone receive effective assistance of counsel?
V. Did Stone receive a disproportionate sentence?
VI. Was Stone denied his due process and equal protection rights in violation of the United States Constitution?

FACTS
¶ 2. The transcript attached to Stone's brief indicated that on August 27, 2001, he pled guilty to a charge of statutory rape. The charge was read and it was ascertained that Stone was the defendant charged in the indictment. Then, the trial judge questioned Stone to determine whether his plea to the charge of statutory rape was knowingly and voluntarily made.
¶ 3. The trial judge asked Stone if he understood that a guilty plea would waive his right to a jury trial and other constitutional rights including the right at trial to testify in his own behalf, or not to testify, as he chose. Stone acknowledged that he understood his rights and affirmed his desire to plead guilty.
¶ 4. The trial judge questioned Stone's attorney about whether he had explained the maximum and minimum sentences required by law and the elements of the offense to Stone. Stone's attorney indicated that he did in fact advise his client of this information.
¶ 5. The trial judge determined that Stone's guilty plea was voluntarily and knowingly entered. Upon this determination, the court accepted Stone's guilty plea.
¶ 6. The trial court sentenced Stone to a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 7. On March 8, 2002, Stone filed a petition for production of records. This motion was treated as a motion for post-conviction relief and was denied on May 28, 2002. No appeal was taken from that denial.
¶ 8. On June 21, 2002, Stone filed a petition for post-conviction collateral relief seeking withdrawal of his guilty plea. An order was entered denying his request for relief on September 7, 2002. No appeal was taken from that denial of relief.
¶ 9. On September 30, 2002, Stone filed another petition for post-conviction collateral relief along with an affidavit of poverty requesting appointment of new counsel, alleging ineffective assistance of counsel, and alleging a denial of his constitutional rights. On November 22, 2002, this petition was denied as well.
¶ 10. On January 13, 2003, the Lowndes County Circuit Clerk's office received a notice of appeal from Stone. The circuit clerk's office informed Stone by letter that his appeal deadline was December 22, 2002, and that the notice would be considered by the judge as a motion for out-of-time appeal. On February 20, 2003, the trial judge denied the motion.

ISSUES AND ANALYSIS
¶ 11. This Court will first address whether the trial court should have granted Stone's out-of-time appeal.
¶ 12. Stone pled guilty and was sentenced on August 27, 2001. Stone filed a motion for production of records on March 8, 2002. This motion was dismissed in May 2002. Stone filed a motion to withdraw guilty plea on June 21, 2002. That motion was denied in September 2002. He filed another motion requesting certain *89 post-conviction relief on September 30, 2002, which was denied in November 2002. Stone then filed a notice of appeal which was received by the circuit clerk's office on January 13, 2003. The circuit clerk's office advised Stone by letter that the trial court would take the notice under consideration as a motion for out-of-time appeal. The motion was denied on February 20, 2003. For Stone's out-of-time appeal motion to be granted, it had to meet the requirements of Mississippi Rule of Appellate Procedure 4(a), (g), or (h).[1] Stone's motion did not meet those requirements. The trial court noted that Stone did not show "good cause" to justify allowing an out-of-time appeal of the court's final order of November 2002.
¶ 13. Stone's remaining issues are procedurally barred for the failure to (1) timely appeal and (2) as a successive writ. On at least two occasions, in June 2002 and September 2002, Stone filed petitions requesting relief which could be granted within the purview of the Mississippi Uniform Post-Conviction Collateral Relief Act pursuant to Mississippi Code Annotated Section 99-39-5. His petitions for relief were denied and no appeals were taken. An order entered which denies post-conviction relief is considered a final judgment. Miss.Code Ann. Section 99-39-23(6) (Supp.2003). The order denying post-conviction relief is a bar to a second or successive motion. Id. There are exceptions to this rule as noted in Retherford v. State, 749 So.2d 269(¶ 9) (Miss.Ct.App. 1999):
The exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court. In Sneed v. State, 722 So.2d 1255, 1256 (Miss.1998), Sneed had filed two petitions for post-conviction relief. The first petition was denied. Id. Sneed filed a motion to reconsider his post-conviction motion and again it was denied. Id. It was not until after the second denial that Sneed proceeded with the appeal process. Id. The supreme *90 court held that since Sneed failed to file a timely appeal after the first petition was denied his appeal on the successive writ was out-of-time, and he was barred from bringing a successive motion. Id.

Stone has failed to establish that he meets any of the exceptions.
¶ 14. Having reviewed the record, this Court finds that the trial judge followed the Mississippi Rules of Appellate Procedure regarding motions for out-of-time appeals, and we affirm the trial court's decision. Additionally, we find that Stone's request for post-conviction relief is barred as a successive petition.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Mississippi Rule of Appellate Procedure 4(a),(g), and (h) provides: (a) Appeal and Cross-Appeals in Civil and Criminal Cases. Except as provided in Rules 4(d) and 4(e), in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.

(g) Extensions. The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
(h) Reopening Time for Appeal. The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.