¶ 1. Dennis Dobbs, pro se, appeals the Circuit Court of Clay County's dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 SUMMARY OF FACTS AND PROCEDURAL HISTORY ¶ 2. In April 2002, Dobbs was indicted for uttering a bad check in the amount of $176.40, in violation of section 97-19-55 of the Mississippi Code (Rev. 2000). Dobbs signed a sworn petition to enter a guilty plea in which he acknowledged the district attorney's recommendation that he serve one year in the custody of the Mississippi Department of Corrections, with two years of post-release supervision, pay a fine to be set by the court, and pay restitution in the amount of $2,256.50.[1] Thereafter, on July 18, 2002, Dobbs pled guilty in the Circuit Court of Clay County. Prior to sentencing, Dobbs filed a motion to withdraw his guilty plea on the basis that the amount of restitution he had agreed to pay was too high.[2] At the hearing on Dobbs's motion to withdraw his plea, it became apparent that Dobbs only disputed the amount of restitution he would be ordered to pay, not any other element of his punishment. The circuit judge rejected Dobbs's motion to withdraw his plea, and stated that he would order a review to ensure that Dobbs was properly credited for restitution payments made pursuant to his prior conviction. Dobbs was subsequently sentenced to one year in the custody of the Mississippi Department of Corrections, with two years of post-release supervision, was *Page 880 
fined $500, and was ordered to pay restitution in the amount of $2,256.50. After being released from confinement in 2003, Dobbs had his term of post-release supervision revoked due to an alcohol violation, and was again imprisoned. On June 21, 2004, Dobbs filed a motion for post-conviction relief in the Circuit Court of Clay County in which he asserted (1) that his guilty plea had not been entered knowingly and voluntarily; (2) that he had received ineffective assistance of counsel; and (3) that he had been exposed to double jeopardy. In an order issued July 19, 2004, the circuit court dismissed Dobbs's motion, and Dobbs timely appealed to this Court.
 ISSUES AND ANALYSIS STANDARD OF REVIEW ¶ 3. Our standard of review on a denial of a motion for post-conviction relief is well-established. We will not reverse the trial court unless we find that the court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002).
 I. WHETHER DOBBS'S GUILTY PLEA WAS ENTERED KNOWINGLY AND VOLUNTARILY.
 ¶ 4. Dobbs argues that it was impossible for him to knowingly and voluntarily plead guilty to a felony, as the crime with which he was charged was a misdemeanor. Dobbs asserts that he was indicted pursuant to section 97-19-39(1) of the Mississippi Code, which, in its current form, states:
 Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of less than Five Hundred Dollars ($500.00), upon conviction thereof, shall be guilty of a misdemeanor and punished by imprisonment in the county jail not exceeding six (6) months, and by fine not exceeding One Thousand Dollars ($1,000.00).
Miss. Code Ann. § 97-19-39 (Supp. 2005).[3] Dobbs is mistaken. It is clear from the indictment and the record of the plea colloquy that Dobbs was charged with, and pled guilty to, uttering a bad check in violation of section 97-19-55 of the Mississippi Code. The version of section 97-19-55 that was effective at the time of the crime read as follows:
 It shall be unlawful for any person with fraudulent intent: (a) To make, draw, issue, utter or deliver any check, draft or order for the payment of money drawn on any bank, corporation, firm or person for the purpose of obtaining money, services or any article of value, or for the purpose of satisfying a preexisting debt or making a payment or payments on a past due account or accounts, knowing at the time of making, drawing, issuing, uttering or delivering said check, draft or order that the maker or drawer has not sufficient funds in or on deposit with such bank, corporation, firm or person for the payment of such check, draft or order in full, and all *Page 881 
other checks, drafts or orders upon such funds then outstanding; (b) To close an account without leaving sufficient funds to cover all outstanding checks written on such account.
Miss. Code Ann. § 97-19-55 (Rev. 2000). Section 97-19-67 of the Mississippi Code prescribes the punishment for violations of section 97-19-55, and defines as a felony the violation of section 97-19-55 where the check in question is written for $100 or more. Miss. Code Ann. § 97-19-67(1)(d) (Rev. 2000). In such an instance, a person found guilty of committing the offense may be fined between $100 and $1,000, may be imprisoned up to three years, or may face both a fine and prison sentence. Id.
 ¶ 5. The indictment against Dobbs tracks the statutory language set forth in section, 97-19-55, charging that:
 DENNIS DOBBS . . . unlawfully, wilfully feloniously obtain[ed] merchandise, the property of Wal-Mart Stores, Inc., by presenting to an employee of Wal-Mart Stores, Inc., a certain check on BankFirst, Inc., well knowing at the time of issuing, signing and delivering said check, that he did not have a sufficient amount of money or funds on deposit to his credit in said bank with which to pay said check. . . .
Furthermore, at the hearing in which Dobbs pled guilty, he acknowledged that he understood the charge against him was that he passed a bad check over $100, and that he had been informed of the elements of the offense. He also stated that he understood that the maximum sentence he could receive was a sentence of up to three years of imprisonment and a fine of not more than $1,000.
 ¶ 6. Dobbs' assertion that he was charged with a misdemeanor and thus improperly sentenced is clearly incorrect, as shown by the indictment and plea colloquy. As this is the only ground upon which Dobbs bases his claim that his plea was not entered voluntarily and intelligently, this claim of error must fail.
II. WHETHER DOBBS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 ¶ 7. Dobbs also claims that he suffered from ineffective assistance of counsel in two respects. First, Dobbs claims that his appointed defense counsel, Thad Buck, served as an assistant district attorney in prior criminal proceedings against him for uttering bad checks. Secondly, Dobbs claims that defense counsel misled him into entering a plea agreement in the present case.
 ¶ 8. The test for ineffective assistance of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant bears the burden of establishing ineffective assistance of counsel. In order to meet this burden, the defendant must show (1) that defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence, and (2) that the defendant was prejudiced by counsel's failure to meet that standard. Pleas v. State, 766 So.2d 41, 42 (¶ 3) (Miss.Ct.App. 2000) (citing Wiley v. State, 750 So.2d 1193,1198 (¶ 11) (Miss. 1999)). Where a defendant enters a guilty plea, the key question is whether "there is a reasonable probability that had counsel's assistance been effective, [the defendant] would not have pled guilty, but would have insisted on going to trial." Id. at 43 (¶ 7) (citing Bell v. State, 751 So.2d 1035,1038 (¶ 14) (Miss. 1999)). Such a defendant "must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different."Roby *Page 882 v. State, 861 So.2d 368, 370 (¶ 8) (quoting Smith v. State,434 So.2d 212, 219 (Miss. 1983)). Furthermore, in the case of a purported conflict of interest, the United States Supreme Court has stated that "[p]rejudice is presumed only if the defendant demonstrates that counsel `actively represented conflicting interests' and that an `actual conflict of interest adversely affected his lawyer's performance.'" Davis v. State,897 So.2d 960, 970 (¶ 30) (Miss. 2004) (citing Strickland,466 U.S. at 692, 104 S.Ct. 2052).
 ¶ 9. Other than the purported conflict of interest, Dobbs fails to specifically identify how his attorney's performance was deficient; furthermore, the record does not reflect deficient performance on the part of Dobbs's counsel. As to the alleged conflict of interest, Dobbs has not shown that an actual conflict existed, that his attorney actively represented other interests, or that the conflict (if any) adversely affected his attorney's performance. Dobbs has not met his burden of proof on this claim of error, and thus this issue is without merit.
III. WHETHER DOBBS WAS EXPOSED TO DOUBLE JEOPARDY.
 ¶ 10. Dobbs claims that his failure to pay restitution pursuant to a prior felony conviction for uttering bad checks was used as the reason to revoke his term of post-release supervision in the present case, and that this impermissibly exposed him to double jeopardy. In dismissing Dobbs's motion for post-conviction relief, the circuit court found that Dobbs's post-release supervision was revoked due to an alcohol violation. As there is nothing in the record to contradict the circuit court's finding, we cannot rule that this finding was clearly erroneous. Accordingly, we find this issue to be without merit.
 ¶ 11. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSINGTHE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
[1] Dobbs had previously been convicted of uttering bad checks, and had been ordered to pay restitution in that case. The $2,256.50 reflected the sum of outstanding restitution payments from Dobbs's previous conviction and restitution to be paid for the more recent crime.
[2] The record shows that Dobbs expressed concern that he had not been properly credited for past restitution payments, and that this was the sole basis of his petition.
[3] The version of section 97-19-39 in effect at the time the crime was committed classified the crime as a felony, regardless of the value of the property wrongly procured. The distinction classifying the crime as a misdemeanor when the value of the property taken is less than $500 was introduced in a 2003 amendment to the statute. See Laws 2003, Ch. 499, § 5, eff. July 1, 2003. Dobbs' reliance upon a version of the statute not in effect at the time of the crime further undermines his assertion that he was actually charged with a misdemeanor under section 97-19-39.
 *Page 566