GRIFFIS, J.,
for the Court.
¶ 1. Charles J. Rudd appeals the dismissal of his motion for post-conviction collateral relief by the Circuit Court of Madison County. He claims that the circuit court erred when it determined that his motion was time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev.2007). We find no error and affirm.
FACTS
¶ 2. On July 17, 2002, Rudd pleaded guilty to charges of armed robbery and escape. He filed his first motion for post-conviction collateral relief on December 6, 2004.[1] He supplemented this first motion by filing a second motion for post-conviction collateral relief on March 3, 2005. In its order entered on April 5, 200.5, the circuit court found that Rudd’s claims were frivolous and without merit. Rudd never appealed this dismissal of his motion for post-conviction collateral relief.
¶ 3. On December 2, 2005, Rudd filed yet another motion for post-conviction collateral relief. This motion was dismissed on January 25, 2006, because the court found the motion to be time-barred by section 99-39-5(2). It is from that dismissal that Rudd brings this appeal.
STANDARD OF REVIEW
¶ 4. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 5. The question presented in this appeal is whether it was error to dismiss Rudd’s motion as time-barred under section 99-39-5(2). In cases involving a guilty plea, a motion for post-conviction collateral relief must be filed within three years of the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2). There are exceptions to this statute of limitations for cases involving an intervening decision of the United States Supreme Court or the Mississippi Supreme Court or newly discovered evidence that would have caused a different result in the conviction or sentence. Id. However, Rudd does not argue that his case fits within any exception contained in section 99-39-5(2).
*874 ¶ 6. After accepting Rudd’s guilty pleas, the circuit judge entered a judgment of conviction on July 17, 2002. This began the running of the three-year statute of limitations for him to file a motion for post-conviction collateral relief. His third motion for post-conviction collateral relief — the only motion that is the subject of this appeal — was not filed until December 2, 2005, which was months after the three-year deadline had ended on July 18, 2005.[2] Therefore, the circuit court correctly dismissed the motion as time-barred pursuant to section 99-39-5(2).
¶ 7. Rudd’s motion was further barred by Mississippi Code Annotated section 99-39-23(6) (Rev.2007) because it was a successive motion for post-conviction collateral relief. The circuit court’s April 5, 2005, order dismissing Rudd’s claims for post-conviction collateral relief was a final judgment that was never appealed by Rudd. Thus, his subsequent and untimely motion for post-conviction collateral relief filed on December 2, 2005, was a successive motion and, therefore, barred by section 99-39-23(6). Again, Rudd does not claim any of the exceptions to this bar that are provided by the statute.
¶ 8. Accordingly, pursuant to Mississippi Code Annotated sections 99-39-5(2) and 99-39-23(6), Rudd’s motion for post-conviction collateral relief was properly dismissed by the circuit court.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., MYERS AND LEE, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Rudd tided each motion for post-conviction collateral relief as a writ of habeas corpus. The circuit court treated the filings as motions for post-conviction collateral relief.

. The three-year deadline actually concluded on July 17, 2005, which was a Sunday. Pursuant to Mississippi Code Annotated section 1-3-67 (Rev.2005), the time period ran until the end of the next day which was Monday, July 18, 2005.