ROBERTS, J.,
for the Court.
¶ 1. A jury sitting before the Clay Country Circuit Court found Dennis Dobbs guilty of simple assault of a law enforcement officer. After a bifurcated hearing, the circuit court found that Dobbs qualified for enhanced sentencing as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) and sentenced Dobbs to five years in the custody of the Mississippi Department of Corrections (MDOC).
¶ 2. In November 2007, Dobbs filed a motion for post-conviction relief. However, Dobbs did not file a collateral attack on his 2004 conviction. Instead, Dobbs filed a collateral attack on a 1990 conviction that, in part, served as the basis of his habitual offender status. Having found that Dobbs’s motion was frivolous and time-barred, the circuit court summarily dismissed Dobbs’s motion. Aggrieved, Dobbs appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. The record reflects that Dobbs’s long history with the legal system began in January 1990, when he pled guilty to false pretenses and was sentenced to five years in the custody of the MDOC with all five years suspended and five years of probation. In 1994, Dobbs was convicted of grand larceny and sentenced to serve five years in the custody of the MDOC. In July 2002, Dobbs pled guilty to uttering a bad check. Incident to that guilty plea, Dobbs was sentenced to one year in the custody of the MDOC and two years of post-release supervision. Dobbs v. State, 932 So.2d 878, 879(¶ 2) (Miss.Ct.App.2006). Dobbs was released in 2003, but his post-release supervision was later revoked due to an alcohol violation. Id. at 880.
¶ 4. Dobbs committed simple assault of a law enforcement officer while he was serving the balance of his sentence for uttering a bad check. Dobbs v. State, 936 So.2d 322, 324(¶ 6) (Miss.Ct.App.2006). As previously mentioned, the circuit court found that Dobbs was a habitual offender and then sentenced him to five years in the custody of the MDOC.
¶ 5. Dobbs then launched a collateral attack in an attempt to circumvent his habitual offender status. That is, Dobbs filed a collateral attack on his underlying conviction from 1990. To be precise, on November 13, 2007, Dobbs filed what he called a “Motion [for] Permission to [Proceed Out of Time.” The circuit court dismissed Dobbs’s motion after it found that the motion was frivolous and time-barred. Dobbs appeals.
STANDARD OF REVIEW
¶ 6. We will not reverse a circuit court’s dismissal of a motion for post-conviction relief unless we find that the circuit court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Id.
ANALYSIS
1! 7. Dobbs raises five issues in his appeal from the circuit court’s decision. According to Dobbs, when he pled guilty to false pretenses in 1990, his counsel was ineffective, and his plea was involuntarily and unintelligently made. Additionally, Dobbs claimed that the circuit court violated his due process rights and sentenced him to an improper “ex-post-facto” law. Dobbs’s reasoning is clear. By attacking the foundation of his habitual offender status, Dobbs hoped to invalidate his present *298 sentence. However, Dobbs’s motion for post-conviction relief is barred for multiple reasons.
I. SUCCESSIVE-WRIT BAR
¶ 8. The circuit court concluded that Dobbs’s motion was barred by the statutory prohibition against successive writs. According to Dobbs, the circuit court erred. We disagree.
¶ 9. The Mississippi Uniform Post-Conviction Collateral Relief Act delivers a clear message regarding successive post-conviction relief writs. An order denying a motion for post-conviction relief is considered a final judgment and a bar to a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev.2007). Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief. See, e.g., Sykes v. State, 919 So.2d 1064, 1066(¶ 8) (Miss.Ct.App.2005) (holding that a prisoner’s successive claims were procedurally barred by the prohibition against successive writs as well as res judicata).
¶ 10. There are exceptions to this rule, as noted in Retherford v. State, 749 So.2d 269, 273(¶ 9) (Miss.Ct.App.1999). Pursuant to section 99-39-23(6), a prisoner may file a successive writ if the argument presented within that writ falls under one of the exceptions, has not been previously argued, and has not resulted in a circuit court’s decision rendered on the merits. Stone v. State, 872 So.2d 87, 89(¶ 13) (Miss.Ct.App.2004). Dobbs bears the burden of proving that he satisfied at least one of the exceptions to the successive-writ bar. See Carbin v. State, 942 So.2d 231, 233(¶9) (Miss.Ct.App.2006). Dobbs also has to prove that, even if he satisfied an exception, the circuit court had not previously entered a decision on the merits of those claims. Stone, 872 So.2d at 89(¶ 13).
¶ 11. Dobbs failed to satisfy his burdens. Dobbs filed a document titled “Traverse to Appellee’s Answer and Response” with this Court. That document is essentially a reply brief. Dobbs attached several documents as exhibits to his reply brief. One of those documents is a motion for post-conviction relief that has a filed stamped date of August 4, 1993. Within that 1993 motion, Dobbs requested collateral relief from his 1990 guilty plea to false pretenses. Additionally, Dobbs has failed to provide this Court with evidence of facts that would satisfy any of the exceptions to the successive-writ bar. Likewise, our review of the record shows no evidence of facts that would satisfy those exceptions. Accordingly, Dobbs’s motion for post-conviction relief is barred by the statutory prohibition against successive writs.
II. TIME BAR
¶ 12. Successive-writ bar notwithstanding, Dobbs’s motion for post-conviction relief is also time-barred. Dobbs filed his motion for post-conviction relief on November 13, 2007—nearly seventeen years after he pled guilty on January 16, 1990. Dobbs had three years from the entry of the judgment of conviction to file a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Rev.2007). Accordingly, had until January 16, 1993, to file a motion for post-conviction relief as to this conviction.
¶ 13. Section 99-39-5(2) does not, however, subject all post-conviction relief motions to a three-year statute of limitations. Trotter v. State, 907 So.2d 397, 401(¶ 10) (Miss.Ct.App.2005). Issues excepted from the time bar include claims that there has been an intervening decision from the Supreme Court of Mississippi or the United States Supreme Court which would have adversely affected the outcome of his sentence or that he has evidence, not reasonably discoverable at the time of trial, that *299 would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2). Additionally, the Mississippi Supreme Court has held that the three-year statute of limitations may be waived when a fundamental constitutional right is implicated. Luckett v. State, 582 So.2d 428, 430 (Miss.1991). However, Dobbs has made no such showing that a fundamental right was violated.
¶ 14. This Court has previously held that a circuit court properly dismissed as time-barred a prisoner’s claims that he was subjected to double jeopardy, that his guilty plea was involuntary, and that he received ineffective assistance of counsel. Trotter, 907 So.2d at 402(¶ 14). In dismissing these claims as time-barred, this Court found that these claims did not affect the petitioner’s fundamental rights. Id. Likewise, we find that none of Dobbs’s claims are exempt from the three-year statute of limitations. It follows that we find no merit to Dobbs’s claim that the circuit court erred when it found that his motion for post-conviction relief was time-barred.
III. CUSTODY REQUIREMENT
¶ 15. Although not addressed by either Dobbs or the State, this Court deems it important to note that yet another bar exists to Dobbs’s request for post-conviction relief. The very first sentence of Mississippi Code Annotated section 99-39-5 states that a person eligible for post-conviction relief must be “in custody under sentence of a court of record of the State of Mississippi!)]” Miss.Code Ann. § 99-39-5(1) (Rev.2007). Therefore, post-conviction relief applies solely to a prisoner who is actually in the custody of the State under a sentencing order from a Mississippi court. Isaac v. State, 793 So.2d 688, 690(¶ 7) (Miss.Ct.App.2001). This Court has refused to grant post-conviction relief because, as with Dobbs, the petitioner had already completed his complained-of sentence in the State’s custody and had been discharged therefrom. Durant v. State, 914 So.2d 295, 297(¶ 7) (Miss.Ct.App.2005).
¶ 16. After Dobbs pled guilty in 1990, he was sentenced to five years of probation. On July 18, 1991, after several probation violations, Dobbs’s probation was revoked, and he was placed in the custody of the MDOC for the remainder of his sentence. Here, simple math shows us that Dobbs’s original five-year sentence for false pretenses had ended before he filed his most recent motion for post-conviction relief. Dobbs is now serving a sentence for simple assault of a law enforcement officer. His 1990 conviction, along with others, qualifies him for enhanced sentencing as a habitual offender, but when he filed the underlying motion on November 13, 2007, he was not “in custody” as a result of his 1990 conviction. Accordingly, for yet another reason, we find that the circuit court properly dismissed Dobbs’s motion for post-conviction relief.
¶ 17. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR. KING, C.J., CONCURS IN RESULT ONLY.