LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On October 28, 1982, James A. Morris pleaded guilty to the aggravated assault of Emmit Reed, another inmate in custody, by stabbing him with a homemade knife. The Sunflower County Circuit Court found that Morris understood the rights he was waiving by pleading guilty and that the plea was not a result of *80 promise or coercion. The trial court also advised Morris. that the maximum sentence for aggravated assault was twenty-years; however, the trial court followed the recommendation of the State and sentenced Morris to three years in the custody of the Mississippi Department of Corrections (MDOC).
¶ 2. On November 1, 2010, Morris filed a pro se motion to vacate the conviction, arguing that the indictment was flawed and that he was not necessarily the same James A. Morris who was previously convicted and imprisoned in 1982. The trial court dismissed the motion because Morris failed to offer evidence contradicting certified documents identifying him as the James Morris convicted of aggravated assault. On March 13, 2012, Morris filed a motion entitled “Notice of Appeal,” asserting (1) the trial court failed to address his June 6, 2001 motion to amend; (2) “inartful certifications are fraud on the court”; (3) the judgment was statutorily invalid; (4) the transcript was fraud and not properly certified; and (5) the plea agreement, showing that Morris’s plea was knowingly and voluntarily made, was not signed. In its April 5, 2012 order, the trial court stated, “Morris now alleges an invalid indictment, improper certification of the plea transcript, and a plea agreement devoid of his signature. Pursuant to Mississippi Code Annotated [section] 99-39-25 [ (Rev. 2007) ], [Morris] is allowed to proceed in forma pauperis in perfecting his appeal to the Mississippi Supreme Court.” Morris’s subsequent request for appointment of counsel was denied by this Court, and this pro se appeal followed.
STANDARD OF REVIEW
¶ 3. This Court will only reverse a trial court’s dismissal of a petition for post-conviction relief if we find the trial court’s decision was clearly erroneous. Dobbs v. State, 18 So.3d 295, 297 (¶ 6) (Miss.Ct.App.2009). “However, when reviewing issues of law, this Court’s proper standard of review is de novo.” Id.
DISCUSSION
¶ 4. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a petitioner who has pleaded guilty must move for relief “within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2012). Morris pleaded guilty on October 28, 1982, which was before the UPCCRA was enacted on April 17, 1984. Odom v. State, 483 So.2d 343, 344 (Miss.1986). “Individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post[-]conviction relief.” Id. Therefore, Morris had until April 17, 1987, to file his petition for post-conviction relief. Morris did not file his motion to vacate the conviction until November 1, 2010. ■ He did not appeal the dismissal of the motion until March 13, 2012. And he did not file his “Appeal” and “Supplemental and/or Amended Brief,” which this Court can only take to be his petition for post-conviction relief, until September 4, 2012, over fifteen years after April 17, 1987. As a result, this issue is procedurally barred.
¶ 5. Although Morris’s petition is procedurally barred, if the errors asserted affect his fundamental constitutional rights, those errors are excepted from the procedural bars. Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). However, Morris does not raise any issues affecting his fundamental constitutional rights. Instead, Morris asserts that he was never served with an indictment, which fails to meet one of the waiver exceptions to a guilty plea. See Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989) (When a- defendant pleads guilty he does not waive the right to (1) “claim that he is not the person named in *81 the indictment”, and (2) challenge the indictment for “failure ... to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense.”). He claims that the record and transcript do not support his conviction, yet he waived his right that the prosecution prove every element of the case when he pleaded guilty. Knight v. State, 959 So.2d 598, 608 (¶ 35) (Miss.Ct.App.2007).
¶ 6. Additionally, Morris claims that he was never sentenced in Sunflower County Circuit Court; however, the transcript of the guilty-plea hearing clearly shows that Judge Evans sentenced Morris to three years in the Mississippi State Penitentiary, with the sentence to begin after Morris completed serving his then-current sentence. And lastly, Morris claims that the trial court did not have jurisdiction over his claim because it occurred while he was in MDOC custody. Morris offers no Mississippi law supporting this contention, instead relying on Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), which is inapplicable. “Failure to.cite relevant authority obviates the appellate court’s obligation to review such issues.” Byrom v. State, 863 So.2d 836, 853 (¶ 3.5) (Miss.2003) (citations omitted). Therefore, we affirm.
¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.