# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00007-COA

**HENRY GIBBS, JR. A/K/A HENRY GIBBS**                                        APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                                APPELLEE

DATE OF JUDGMENT:              11/30/2016
TRIAL JUDGE:                         HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      HENRY GIBBS JR. (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                   BY:  BARBARA WAKELAND BYRD
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED: 01/09/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Henry Gibbs pled guilty to armed robbery.  The court sentenced him to thirteen years

in the custody of the Mississippi Department of Corrections, with eight years to serve

followed by five years' post-release supervision.  Gibbs filed a petition for post-conviction

relief, which the court dismissed.  Because Gibbs's claims are not within the purview of the

Mississippi Uniform Post-Conviction Collateral Relief Act, we affirm the circuit court's

dismissal.

### STANDARD OF REVIEW

¶2.     The circuit court may summarily dismiss a PCR motion without an evidentiary hearing

"[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior

proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

¶4. Mississippi Code Annotated section 99-39-5(1) (Rev. 2015) provides the grounds for available relief under a PCR motion:

(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;

(d) That the sentence exceeds the maximum authorized by law;

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or

sentence in the interest of justice;

(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(g) That his plea was made involuntarily;

(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(i) That he is entitled to an out-of-time appeal; or

(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

¶5.    In his PCR motion, Gibbs claimed that (1) he did not match the description given by the victim; (2) the photo lineup used was suggestive; (3) he was forced to either go to trial or enter a guilty plea; (4) the State took too long to get an extradition warrant; and (5) his conviction was predetermined.  None of Gibbs's claims are grounds for relief under section 99-39-5, and therefore his motion should be dismissed.  Accordingly, we affirm the circuit court's judgment.

¶6.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON,**

3

**GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**