# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00736-COA

**HENRY GIBBS, JR. A/K/A HENRY GIBBS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

DATE OF JUDGMENT:              06/01/2020
TRIAL JUDGE:                   HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:     WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        HENRY GIBBS JR. (PRO SE)
ATTORNEYS FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                               BY: BRITTNEY S. EAKINS
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 11/16/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McDONALD AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Henry Gibbs Jr. pled guilty to armed robbery in 2015 and was sentenced to a term of

thirteen years in custody with eight years to serve and five years of post-release supervision.

In 2016, Gibbs filed a motion for post-conviction relief (PCR) in the circuit court. "In his

PCR motion, Gibbs claimed that (1) he did not match the description given by the victim; (2)

the photo lineup used was suggestive; (3) he was forced to either go to trial or enter a guilty

plea; (4) the State took too long to get an extradition warrant; and (5) his conviction was

predetermined." *Gibbs v. State*, 248 So. 3d 874, 875 (¶5) (Miss. Ct. App. 2018), *cert. denied*,

247 So. 3d 1264 (Miss. 2018).  The circuit court dismissed Gibbs's motion, and this Court

affirmed because "[n]one of Gibbs's claims [were] grounds for [post-conviction] relief." *Id.*

¶2.     In 2020, Gibbs filed a second PCR motion, alleging that his attorney provided ineffective assistance by not filing a motion to dismiss based on an alleged violation of his right to a speedy trial and that the circuit judge engaged in "judicial misconduct" by not ruling on his motion to quash the indictment. The circuit court denied Gibbs's second PCR motion, finding that it was barred by the statute of limitations, was an impermissible successive motion, and was "frivolous."[1]

¶3.     We affirm. When a defendant pleads guilty, any PCR motion must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). In addition, an order denying or dismissing a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). "Essentially, a movant is granted one bite at the apple when requesting post-conviction relief." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶7) (Miss. Ct. App. 2018) (brackets omitted) (quoting *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009)). Therefore, claims that a movant fails to include in his first PCR motion will not be considered in a second or successive motion. *Id.* at (¶8). Gibbs filed his present PCR motion five years after he was convicted, and it is his second such motion. Accordingly, it is barred by both the statute of limitations and the successive-motions bar.

¶4.     There are certain statutory exceptions to the statute of limitations and the successive-motions bar. *See* Miss. Code Ann. §§ 99-39-5(2) & 99-39-23(6). In addition, our Supreme

---

[1] The circuit court noted that it did not rule on Gibbs's motion to quash the indictment only because Gibbs abandoned the motion by failing to notice it for a hearing.

Court has held that "errors affecting [certain] fundamental constitutional rights are excepted from [these statutory] bars." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). But the movant bears the burden of proving that an exception applies, *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013), and Gibbs fails to make such a showing.

¶5.    Finally, our Supreme Court has held that in "extraordinary circumstances" a claim of ineffective assistance of counsel may survive the statute of limitations and the successive-motions bar. *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020) (citing *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015)), *cert. denied*, 308 So. 3d 440 (Miss. 2020). However, Gibbs fails to show any extraordinary circumstances or any "reason why [he] was prevented from timely asserting his claim." *Id.* at 779 (¶10). Accordingly, his ineffective-assistance claim is barred by the statute of limitations and successive-motions bar. *Id.* at (¶¶10-12).

¶6.    In summary, the circuit court correctly denied Gibbs's PCR motion pursuant to the statute of limitations and successive-motions bar.[2]

¶7.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[2] Gibbs's appellate brief asserts additional claims not raised in his PCR motion. These claims are not only barred by the statute of limitations and successive-motions bar but also procedurally barred due to Gibbs's failure to assert them in the circuit court. *See, e.g.*, *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) ("[A] defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal."). They are also repetitive of claims that the circuit court and this Court rejected in Gibbs's first PCR motion.