# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00618-COA

**CHARLES RUDD**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:              04/22/2025
TRIAL JUDGE:                   HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CHARLES RUDD (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 04/21/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2002, Charles Rudd pled guilty in the Madison County Circuit Court to charges of armed robbery and escape. For armed robbery, the court sentenced Rudd to serve twenty years in the custody of the Department of Corrections, with ten years suspended and five years of reporting supervised probation. For escape, the court sentenced Rudd to serve five years in custody to run consecutively to his armed robbery sentence. Rudd later filed at least two motions for post-conviction relief (PCR) attacking his conviction, which the circuit court denied or dismissed. *See Rudd v. State*, 999 So. 2d 872 (Miss. Ct. App. 2009).

¶2.     In 2018, while on probation, Rudd was arrested and charged with possession of marijuana with intent to distribute, possession of synthetic cannabinoids with intent to

distribute, and being a felon in possession of a firearm. The circuit court found that Rudd had violated the terms of his probation by committing new crimes, revoked his probation, and ordered him to serve his suspended sentence. Rudd attempted to appeal the order revoking his probation, but the appeal was dismissed because an order revoking probation is not an appealable judgment. *See Rudd v. State*, 303 So. 3d 841 (Miss. Ct. App. 2020).

¶3. In 2023, Rudd filed a PCR motion attacking the order revoking his probation. The circuit court denied Rudd's motion, and Rudd did not appeal. In 2025, Rudd filed another PCR motion attacking the order revoking his probation. The circuit court denied Rudd's motion as without merit and an impermissible successive PCR motion. Rudd appealed.

¶4. We affirm. Under the Uniform Post-Conviction Collateral Relief Act, any order dismissing or denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). "Essentially, [a person] is granted one bite at the apple when requesting post-conviction relief." *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009). We acknowledge that the successive-motions bar excepts "cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-23(6). However, the Mississippi Supreme Court has held that this exception does not apply when, as in this case, the motion constitutes a "second post-conviction challenge *to the same revocation decision that* [*the movant*] *attacked in his first* [*PCR*] *motion*." *Fluker v. State*, 170 So. 3d 471, 475 (¶10) (Miss. 2015) (emphasis added). Such a motion is "barred as a successive pleading under Section 99-39-23(6)." *Id.* Because the present motion is Rudd's

second PCR motion attacking the "same revocation decision," the circuit court properly dismissed the motion as an impermissible successive motion.

¶5. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**