994 So.2d 236 (2008)
David Sidney NICHOLS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01001-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied September 30, 2008.
*237 David Sidney Nichols, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On April 14, 2004, David Sidney Nichols pleaded guilty in the Circuit Court of Tate County to two counts of murder. Nichols was sentenced to serve two concurrent life sentences in the custody of the Mississippi Department of Corrections. On March 9, 2007, Nichols filed a motion for post-conviction relief. The trial court subsequently denied Nichols's motion for relief. Nichols now appeals, asserting the following issues: (1) no factual basis for his plea was established; (2) his counsel was ineffective; (3) the trial court erred in failing to conduct an evidentiary hearing; and (4) the cumulative errors require reversal. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION

I. WAS A FACTUAL BASIS FOR NICHOLS'S PLEA ESTABLISHED?
¶ 3. In his first issue on appeal, Nichols argues that his plea was involuntary because the trial court failed to find a factual basis for his guilty plea. However, the transcript of Nichols's plea colloquy contradicts this contention. According to Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court Practice, the trial court must determine, before the plea is entered, whether there was a factual basis for the guilty plea. In this case, the trial court required the State to demonstrate what it would have proved had Nichols elected to go to trial. After the State's offer of proof, Nichols's attorney agreed that the evidence proffered by the State would have been sufficient to get the *238 case before a jury. Based on our review of the entire record, we find no merit to this issue.

II. WAS NICHOLS'S TRIAL COUNSEL INEFFECTIVE?
¶ 4. In his second issue on appeal, Nichols argues that his trial counsel was ineffective. To prevail on this issue, Nichols must demonstrate that his trial counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, Nichols must demonstrate that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases and that but for the attorney's substandard performance he would have insisted on going to trial. See Alexander v. State, 605 So.2d 1170, 1173 (Miss. 1992).
¶ 5. Most of Nichols's argument on this issue concerns supposed defects in the indictment. The law is well settled that "[a] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment...." Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001).
¶ 6. Nichols also argues that his counsel never interviewed any witness in preparation for trial. However, Nichols does admit that he is unable to name any witnesses that should have been interviewed.
¶ 7. Nichols states that his attorney failed to advise him of the maximum and minimum sentence. However, this contention is contradicted by the plea colloquy, as well as a petition to enter a guilty plea signed by Nichols.
¶ 8. We find no merit to this issue.

III. DID THE TRIAL COURT ERR IN FAILING TO CONDUCT AN EVIDENTIARY HEARING?
¶ 9. In his third issue on appeal, Nichols argues that the trial court should have conducted an evidentiary hearing. "[T]he trial court is not required to grant an evidentiary hearing on every petition it entertains." McMillian v. State, 774 So.2d 454, 456(¶ 6) (Miss.Ct.App.2000). "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2007). In his order denying post-conviction relief, the trial court stated that it reviewed the pleadings and the court files and determined that no evidentiary hearing was necessary. We can find no error was committed by the trial court in deciding not to grant an evidentiary hearing. This issue is without merit.

IV. DO THE CUMULATIVE ERRORS REQUIRE REVERSAL?
¶ 10. In his fourth issue on appeal, Nichols argues that the cumulative errors require reversal. Finding Nichols's arguments to be without merit, we find no cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 11. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.