JAMES, J.,
for the Court:
¶ 1. David Sidney Nichols (pro se) appeals the judgment of the Circuit Court of Tate County dismissing his motion for post-conviction collateral relief (PCR). The circuit court found that Nichols’s PCR motion was proeedurally barred as a successive writ and time-barred. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 12, 2002, Nichols and Dennis Wynne Stepp were each indicted for conspiracy to commit capital murder *434 and two counts of capital murder for the deaths of Sandra Lipsey and Bryan Warner. Nichols pleaded guilty to two counts of murder on April 14, 2004, and was sentenced to serve two life sentences, to run consecutively in the custody of the Mississippi Department of Corrections. On March 20, 2008, Nichols filed his first PCR motion, which the circuit court dismissed. Citing multiple assignments of error, Nichols appealed, and this Court affirmed the circuit court’s judgment on May 20, 2008.[1]
¶ 3. Nichols filed a second PCR motion on December 5, 2011. The circuit court dismissed the motion as time-barred and successive-writ barred. Nichols now appeals, arguing that he was illegally sentenced, as the circuit court dismissed the indictment ten months prior to his conviction.
STANDARD OF REVIEW
¶ 4. We will not reverse a circuit court’s dismissal of a PCR motion unless the circuit court’s findings are clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). For issues involving questions of law, the applicable standard of review is de novo. Id. (citing Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000)).
DISCUSSION
¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act prohibits successive attempts to obtain post-conviction relief. The relevant section reads:
[ A]ny order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion ... raising the issue of the convict’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked. Likewise excepted are those cases in which a petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.
Miss.Code Ann. § 99-39-23(6) (Supp.2012).
¶ 6. The circuit court properly dismissed Nichols’s PCR motion as procedurally barred as a successive writ. Nichols bears the burden of proving that he satisfied at least one of the exceptions to the successive-writ bar. Dobbs v. State, 18 So.3d 295, 298 (¶ 10) (Miss.Ct.App.2009) (citing Carbin v. State, 942 So.2d 231, 233 (¶ 9) (Miss.Ct.App.2006)). Because Nichols failed to show that an exception applies, his PCR motion is barred under section 99-39-23(6).
*435 ¶-7. Nichols’s motion is also time-barred, and the circuit court properly dismissed the motion as such. Nichols was convicted on April 14, 2004. The instant PCR motion was filed over seven years later on December 2, 2011. Mississippi Code Annotated section 99-39-5(2) (Supp. 2012) states that where a guilty plea has been entered, motions seeking post-conviction relief must be filed no later than three years after the entry of the judgment of conviction. However, “errors affecting fundamental constitutional rights are excepted from ... procedural bars ...” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010).
¶ 8. Nichols argues that his constitutional rights were violated because he was illegally sentenced; thus, the three-year statutory limitation period should be waived. He bases this argument largely on the fact that the circuit court entered an order dismissing the indictment on May 29, 2003, over ten months before the entry of his guilty plea and sentencing. Our review of the record shows that the circuit court’s order to dismiss the indictment pertained solely to Dennis Stepp. On August 23, 2002, an immunity agreement was entered between the State and Stepp. The circuit court approved the agreement, and Stepp was granted transactional immunity. The court entered an order to that effect on May 29, 2003, dismissing the indictment as to Stepp only. The order did not include Nichols. For this reason, Nichols’s assignment of error based on an illegal sentence is without merit.
¶ 9. Nichols’s PCR motion is procedurally barred as a successive writ. The motion is also time-barred, as it was filed beyond the statutory three-year time limit. Nichols has failed to show that an exception to the successive-writ bar or the time-bar applies. Furthermore, Nichols’s argument that his constitutional rights were violated due to an illegal sentence is without merit. Accordingly, we affirm the circuit court’s dismissal of Nichols’s PCR motion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Nichols v. State, 994 So.2d 236, 238 (¶ 11) (Miss.Ct.App.2008).