# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01292-COA

**DAVID NICHOLS A/K/A DAVID SYDNEY NICHOLS A/K/A DAVID SIDNEY NICHOLS**                                             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

DATE OF JUDGMENT:                       09/22/2017
TRIAL JUDGE:                            HON. JAMES MCCLURE III
COURT FROM WHICH APPEALED:              TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                 DAVID NICHOLS (PRO SE)
ATTORNEY FOR APPELLEE:                  OFFICE OF THE ATTORNEY GENERAL
                                        BY: KATY TAYLOR GERBER
NATURE OF THE CASE:                     CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                            AFFIRMED: 11/06/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., FAIR AND WILSON, JJ.

### FAIR, J., FOR THE COURT:

¶1.     In 2004, David Nichols pleaded guilty to two counts of murder and was sentenced to serve two life sentences in the custody of the Mississippi Department of Corrections. Three years later, he filed his first motion for post-conviction relief (PCR), which was denied. He appealed, and the denial was affirmed in *Nichols v. State*, 994 So. 2d 236 (Miss. Ct. App. 2008). In 2011, he filed a second unsuccessful PCR motion. *Nichols v. State*, 120 So. 3d 433 (Miss. Ct. App. 2013).

¶2.     Nichols filed a third PCR motion in 2016, which was denied and is now the subject of this appeal. Finding no error, we affirm.

## FACTS

¶3. Nichols styled his third action as a motion for recusal/change of venue because he alleged wrongdoing by the State and because the judge assigned to rule on his motion was an assistant district attorney when Nichols was prosecuted. Nichols further claimed that false evidence was used to obtain a conviction, that his guilty plea was involuntarily entered, and that his counsel was ineffective. He also requested an evidentiary hearing.

¶4. As the assigned judge stated in his recusal order, he "did not participate in the prosecution, conviction[,] or sentencing of [Nichols] in any way or capacity during his employment with the Office of the District Attorney." Nor was he the original trial judge, though he had dismissed Nichols's second PCR as successive and time-barred. In any event, he recused himself in this case "out of an abundance of caution and in order to avoid any appearance of impropriety[.]" After the case was reassigned, the replacement circuit judge dismissed Nichols's motion—treating it as a third PCR motion—without an evidentiary hearing.

## STANDARD OF REVIEW

¶5. A circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief . . . ." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). And "this [C]ourt will affirm the summary dismissal of a PCR motion [unless the appellant shows] a claim is procedurally alive substantially showing the

2

denial of a state or federal right." *Pinkney v. State*, 192 So. 3d 337, 341-42 (¶13) (Miss. Ct. App. 2015) (internal quotation marks omitted).

¶6. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

## DISCUSSION

¶7. At the outset, we note that this is Nichols's third PCR motion. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), the dismissal of a PCR motion is a final judgment and acts as a bar to a second, or successive, motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). "Essentially, [a movant] is granted one bite at the apple when requesting post-conviction relief." *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009).

¶8. Since successive motions are not allowed, "[a] person who requests post-conviction relief is obligated to place before the court all claims known to him and/or of which he should have had knowledge." *Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015). "The failure to do so results in a loss of his claims for a second or successive petition." *Id*. Nichols's third PCR motion raises many of the same issues as his first.[1] Because the issues in Nichols's third PCR motion could have been raised in his first (or

---

[1] In his first PCR motion, Nichols claimed that: "(1) no factual basis for his plea was established; (2) his counsel was ineffective; (3) the trial court erred in failing to conduct an evidentiary hearing; and (4) the cumulative errors require reversal." *Nichols*, 994 So. 2d at 237 (¶2).

second) PCR motion, the circuit judge properly treated the third PCR motion as a successive writ.

¶9. The UPCCRA also states that, in the instance of a guilty plea, a PCR motion shall be made within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2). Nichols filed his third PCR motion on October 18, 2016—approximately twelve and a half years after he pleaded guilty on April 14, 2004. So his motion is also time-barred.

¶10. We acknowledge that "errors affecting fundamental constitutional rights are excepted from the procedural bars." *See Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "Only four fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016) (internal quotation marks omitted). The Mississippi Supreme Court has clarified that "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015). Additionally, "there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation marks omitted). Nichols's claims do not implicate any fundamental-constitutional-rights violations.

¶11. Finally, although Nichols has attached several new documents to his appellant's brief,

these documents were not presented to the circuit court during the post-conviction proceedings. For that reason, this Court does not consider them. *See Hampton v. State,* 148 So. 3d 1038, 1042 (¶11) (Miss. Ct. App. 2013).

¶12. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**