# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00917-COA

**MICHAEL TAYLOR A/K/A MICHAEL MIGUEL TAYLOR A/K/A MICHAEL M. TAYLOR**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2021 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL TAYLOR (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/04/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     Michael Taylor appeals from the Madison County Circuit Court's judgment summarily dismissing his motion for post-conviction collateral relief (PCR) as time-barred. Finding no error, we affirm.

## FACTS

¶2.     In March 2014, a Madison County grand jury indicted Taylor for armed carjacking (Count I) and conspiracy to commit armed carjacking (Count II). Taylor pled guilty to Count I for armed carjacking, and the State agreed to dismiss Count II for conspiracy to commit armed carjacking. After finding that Taylor entered his guilty plea to Count I knowingly,

intelligently, and voluntarily, the circuit court sentenced Taylor to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years suspended and fifteen years to serve, followed by fifteen years of post-release supervision. Under Mississippi's firearm-enhancement statute, the circuit court sentenced Taylor to an additional five years in MDOC's custody, with the term set to run consecutively to the sentence for Count I. *See* Miss. Code Ann. § 97-37-37(1) (Supp. 2007) (providing for an additional five-year term of imprisonment, which "shall not be reduced or suspended[,]" for "any person who uses or displays a firearm during the commission of any felony . . . .").

¶3.    On July 6, 2021, Taylor filed his PCR motion and argued that the sentence enhancement imposed under section 97-37-37(1) was illegal and violated his rights to due process and equal protection under the law. Taylor asserted the circuit court had erred by enhancing his sentence because the indictment failed to reference the firearm-enhancement statute and because he received no notice that he would be subject to an enhanced sentence. The circuit court summarily dismissed Taylor's PCR motion as time-barred. Aggrieved, Taylor appeals.

## STANDARD OF REVIEW

¶4.    We review a circuit court's "dismissal or denial of a PCR motion for abuse of discretion" and decline to reverse unless "the [circuit] court's decision is clearly erroneous." *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021) (quoting *Carr v. State*, 291 So. 3d 1132, 1137 (¶16) (Miss. Ct. App. 2020)). We review questions of law de novo. *Id.*

2

"Whether a defendant received fair notice of a sentence enhancement is a question of law that we review de novo." *Edwards v. State*, 305 So. 3d 1186, 1191 (¶14) (Miss. Ct. App. 2020) (quoting *Sallie v. State*, 155 So. 3d 760, 762 (¶7) (Miss. 2015)), *cert. denied*, 308 So. 3d 438 (Miss. 2020).

## DISCUSSION

¶5.     Under the Uniform Post-Conviction Collateral Relief Act, Taylor had three years from the entry of his judgment of conviction to timely file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Because Taylor filed his PCR motion almost seven years after his 2014 conviction, his PCR motion is clearly time-barred. We recognize, however, that several "fundamental-rights exceptions have been expressly found to survive procedural bars[,]" including "the right to be free from an illegal sentence" and "the right to due process at sentencing . . . ." *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020) (quoting *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018)).

¶6.     As the movant, Taylor bears the burden "to show he has met a statutory exception." *Id.* (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013)). Our caselaw holds that "the mere assertion of a constitutional right violation does not trigger the exception. Rather, there must be some basis of truth for a claim." *Id.* (citations and internal quotation marks omitted).

¶7.     Upon review of the record and relevant caselaw, we find that Taylor's claim lacks merit. Although Taylor correctly notes that neither the indictment nor his petition to plead

3

guilty referenced section 97-37-37(1), the record reflects that Taylor received proper notice of the firearm enhancement prior to entering his guilty plea. Although best practice might be to include formal notice of the firearm-enhancement statute by specific reference within the indictment, or a subsequent amendment thereto, "[n]o caselaw requires that an indictment include an actual reference to the sentence enhancement; rather, federal and Mississippi jurisprudence only require that an indictment include the *facts* involved in such an applicable sentence enhancement, such that those facts are required to be proven beyond a reasonable doubt." *Edwards*, 305 So. 3d at 1191 (¶14) (quoting *Dortch v. State*, 231 So. 3d 1017, 1021 (¶11) (Miss. Ct. App. 2017)). "Here, [Taylor]'s indictment included the facts necessary to support the sentence enhancement." *Id.* at (¶15).

¶8. As this Court previously has explained:

> The statutory elements for carjacking under [Mississippi Code Annotated] section 97-3-117 (Rev. 2000) include "(1) a taking of a motor vehicle (2) from someone's immediate actual possession (3) by force, stealth[,] or violence. Force or violence includes putting the victim in fear of the same. Use of a firearm or other deadly or dangerous weapon elevates the crime to armed carjacking."

*Brown v. State*, 282 So. 3d 1192, 1201 (¶35) (Miss. Ct. App. 2019) (quoting *Smith v. State*, 907 So. 2d 292, 296 (¶17) (Miss. 2005)).

¶9. In the present case, Count I of Taylor's indictment clearly provided that he and his co-conspirator used a firearm during the commission of the crime. Specifically, Count I stated that Taylor and his co-conspirator committed armed carjacking by

> willfully, unlawfully, feloniously[,] and knowingly tak[ing] from the

4

immediate actual possession of [the victim] a 2007 Toyota Camry [a]utomobile, the personal property of [the victim], by putting the said [victim] in fear, by the exhibition of a deadly weapon, to-wit: a hand[]gun . . . in violation of [section] 97-3-117 . . . .

¶10. Taylor's plea petition indicated that he previously had been convicted of a felony. During the plea hearing, Taylor confirmed his prior felony conviction when questioned by the circuit judge. Also during the plea hearing, the State provided the factual basis for its case against Taylor. The State's recitation included the fact that Taylor and his co-conspirator had used a gun to commit the carjacking. After Taylor indicated that he had no disagreement with the factual basis provided by the State, the circuit judge discussed the applicability of the five-year firearm enhancement with Taylor.

¶11. In relevant part, the following exchange occurred:

Circuit Judge: All right. I want to go back to the minimum and maximum sentences. I understand, based upon the factual basis and . . . because of the indictment charge, that the State would show that this [crime] was accomplished by the use or the display of a firearm and that under [section] 97-37-37 that requires that if you're convicted of this offense that I would impose an additional sentence of five years which could not be reduced or suspended and that that [(the five-year sentence)] would run consecutive[ly] to any sentence that would be imposed on the . . . armed[-]carjacking case. Do you understand that?

Taylor: Yes, sir.

Circuit Judge: And knowing that, do you still wish to go forward with your plea?

Taylor: Yes, sir.

5

| | |
|---|---|
| Circuit Judge: | And, counsel, you've gone over that with Mr. Taylor; is that correct? |
| Defense Attorney: | Yes, your Honor. |
| Circuit Judge: | So he's familiar with that enhancement because of the use of a firearm? |
| Defense Attorney: | Yes, sir. |

This exchange was strikingly similar to the one that occurred during the plea hearing in *Dortch*, where this Court held that the defendant "was not unfairly surprised or prejudiced with respect to the firearm enhancements" that had not been identified in his indictment. *Dortch*, 231 So. 3d at 1018-20 (¶¶6, 11).

¶12.    Later in Taylor's plea hearing, the State provided the following sentencing recommendation, which included the firearm enhancement, to the circuit judge:

> Thirty years to serve in the custody of the Mississippi Department of Corrections[,] and he can be released after having served the first 15 years of that sentence; [t]hat the Defendant would then be placed on five years post-release supervision; [t]hat the Defendant be given credit for time served on this charge against this sentence; [t]hat upon acceptance of his plea of guilty in Count I that Count II of the indictment be dismissed; [a]nd . . . in addition to the 15-year sentence, . . . that the Court impose the penalty required under Code Section 97-37-37.

¶13.    When the circuit judge then asked whether the State's sentencing recommendation was the one that Taylor had expected to hear, Taylor answered affirmatively. Taylor's trial attorney also confirmed that the State's recommendation was the same one he had received from the State and had communicated to Taylor prior to the beginning of the plea. The circuit judge informed Taylor that he could still stop the plea hearing and proceed to trial.

The circuit judge also asked whether Taylor had questions about anything discussed during the plea hearing. After Taylor indicated that he had no questions and did not wish to stop the plea hearing, the circuit court proceeded to accept Taylor's guilty plea.

¶14. Upon review of the record before us, we find no support for Taylor's claim that he lacked sufficient notice that the circuit court might sentence him under the firearm-enhancement statute. The indictment charged Taylor and his co-conspirator with using a firearm during the commission of the crime, and as Taylor acknowledged in both his plea petition and during his plea hearing, he previously had been convicted of a felony. Thus, "[u]pon receiving his indictment, [Taylor] knew or should have known that the firearm enhancement was a possibility with respect to the particular crime for which he was charged." *Dortch*, 231 So. 3d at 1021 (¶12). Moreover, the record clearly reflects that the circuit court not only notified Taylor prior to the entry of his guilty plea that his sentence would be enhanced but also that Taylor expressed his understanding that the sentence enhancement would apply. We therefore find no merit to Taylor's argument regarding this assignment of error.

**CONCLUSION**

¶15. Because we find that Taylor's claim lacks merit, we affirm the circuit court's order summarily dismissing his PCR motion.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**