# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01415-COA

**PERVIS L. EVERETT A/K/A PERVIS EVERETT**          **APPELLANT**
**A/K/A PERVIS LAGARREN EVERETT**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2021 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PERVIS L. EVERETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/28/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. On August 20, 2021, Pervis L. Everett filed a motion for post-conviction collateral relief (PCR) in the Circuit Court of Wayne County, Mississippi, seeking relief from what he alleged to be an illegal sentence. On November 30, 2021, the circuit court summarily denied the motion. Everett appealed from this order.

## FACTS AND PROCEDURAL HISTORY

¶2. Everett was indicted by a Wayne County grand jury in January 2012. The indictment charged that around July 19, 2011, Everett and another individual possessed, with the intent to deliver, approximately 6.3 grams of cocaine, a Schedule II controlled substance. The indictment further charged Everett as a habitual offender pursuant to Mississippi Code

Annotated section 99-19-81 (Rev. 2007) and as a subsequent drug offender pursuant to section 41-29-147 (Rev. 2009). On September 19, 2012, Everett appeared in the circuit court with counsel and entered a plea of guilty to possession of cocaine, a Schedule II controlled substance, with the intent to deliver. At the guilty plea hearing, the State agreed not to go forward with the habitual-offender and subsequent-drug-offender enhancements and recommended a sentence of thirty years with all but one day suspended. The court imposed the sentence recommended by the State, and the judgment of conviction and sentencing order was entered on that date.

¶3.     On May 31, 2018, Everett appeared before the circuit court again at a revocation hearing. As a result of that hearing, the remainder of Everett's sentence was fully revoked based upon the court's finding that Everett had committed a new felony offense. Subsequently, on August 20, 2021, Everett filed a PCR motion in which he did not challenge his revocation, but instead challenged the legality of his original sentence. The circuit court denied relief, finding that the thirty-year sentence was a legal sentence. Everett appeals.

**STANDARD OF REVIEW**

¶4.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

**ANALYSIS**

¶5.     First we must address the fact that Everett's PCR motion was clearly filed more than three years after his conviction and sentence. Concerning a similar set of facts in *Taylor v. State*, 348 So. 3d 1017, 1019-20 (¶¶5-6) (Miss. Ct. App. 2022), this Court held:

> Under the Uniform Post-Conviction Collateral Relief Act, Taylor had three years from the entry of his judgment of conviction to timely file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Because Taylor filed his PCR motion almost seven years after his 2014 conviction, his PCR motion is clearly time-barred. We recognize, however, that several "fundamental-rights exceptions have been expressly found to survive procedural bars[,]" including "the right to be free from an illegal sentence" and "the right to due process at sentencing . . . ." *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020) (quoting *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018)).
>
> As the movant, Taylor bears the burden "to show he has met a statutory exception." *Id*. (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013)). Our caselaw holds that "the mere assertion of a constitutional right violation does not trigger the exception. Rather, there must be some basis of truth for a claim." *Id*. (citations and internal quotation marks omitted).[1]

Accordingly, we review the merits of Everett's allegation that his sentence exceeded the statutory maximum sentence.

¶6.     In his motion for relief before the circuit court, Everett argued that his sentence of thirty years was illegal because it exceeded the statutory maximum punishment and that he was denied due process at sentencing. His argument was based upon his mistaken belief that the applicable statutory provision for his sentencing was Mississippi Code Annotated section 41-29-139(c)(1)(C) (Supp. 2011). At the time of Everett's offense and sentencing, that

---

[1] The Mississippi Supreme Court recently overruled precedent applying "the judicially crafted fundamental-rights exception" to "the substantive, constitutional bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act." *Howell v. State*, 2020-CA-00868-SCT, 2023 WL 412469, at *2-3 (¶¶8, 12) (Miss. Jan. 26, 2023), *motion for reh'g filed* (Feb. 9, 2023).

statutory provision did provide for a maximum sentence of sixteen years for *simple possession* of two grams but less than ten grams of cocaine. Miss. Code Ann. § 41-29-139(c)(1)(C). However, Everett was charged, convicted, and sentenced for *possession with intent to deliver* cocaine pursuant to section 41-29-139(a)(1), with sentencing provided for by section 41-29-139(b)(1), which read, at that time, as follows:

> (b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, **any person who violates subsection (a) of this section shall be sentenced as follows**:
>
> > (1) **In the case of controlled substances classified in Schedule I or II**, as set out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana or synthetic cannabinoids, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana or synthetic cannabinoids, **such person may, upon conviction, be imprisoned for not more than thirty (30) years** and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both.

(Emphasis added). Therefore, the maximum sentence for *possession with intent to deliver* was thirty years at the time of Everett's offense and at the time of his sentencing.

¶7. While a review of the guilty plea petition and the hearing transcript reveals that there was some confusion as to whether the State intended to go forward with the enhancement as a subsequent drug offender, that issue was corrected during the hearing. The State agreed to reduce its recommendation from forty years to thirty years and to not go forward with the enhancement. During the plea hearing, the circuit court properly instructed Everett that the maximum sentence for the offense to which he was pleading guilty was thirty years. Everett

acknowledged that he understood and that he wished to go forward with his plea of guilty. As a result, the trial court accepted his plea of guilty and imposed a sentence of thirty years, which was the statutory maximum punishment at that time for possession of cocaine, a Schedule II controlled substance, with the intent to deliver.

¶8. In its order to deny relief, the circuit court mistakenly found that Everett had entered his plea of guilty as a subsequent drug offender pursuant to section 41-29-147. Further, the circuit court failed to apply the appropriate sentencing statute. In *Hardison v. State*, 317 So. 3d 978, 990 (¶32) (Miss. Ct. App. 2021), this Court ruled:

> Granted the circuit court may have been in error on exactly what law applied and when the Legislature made changes to different laws. Still, "[i]t is the customary practice, in the name of judicial economy, for an appellate court to affirm the trial court if the right result is reached even though for the wrong reason." *Jackson v. State*, 811 So. 2d 340, 342 (¶16) (Miss. Ct. App. 2001) (citing *Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993)).

## CONCLUSION

¶9. Accordingly, because the thirty-year sentence imposed in September 2012 was the maximum punishment authorized by statute at that time, we find that Everett's claim for relief from an illegal sentence is without merit.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE AND McCARTY, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**