# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00357-COA

**BLAKE GLEASON**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:          02/21/2023
TRIAL JUDGE:               HON. KELLY LEE MIMS
COURT FROM WHICH APPEALED: ITAWAMBA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    BLAKE GLEASON (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 02/20/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Blake Gleason filed a motion for post-conviction collateral relief (PCR) in the Itawamba County Circuit Court seeking relief from his convictions of two counts of sexual battery. After the circuit court denied his requested relief and dismissed his PCR motion, Gleason appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     On September 12, 2018, Gleason entered pleas of guilty to two of six counts of sexual battery, as charged by the indictment in Itawamba County Cause No. CR18-079. A judgment of conviction and sentencing order were entered on that same date. On October 18, 2022, Gleason filed his PCR motion claiming that his due process rights were violated, that his

guilty pleas were involuntary, that he received ineffective assistance of counsel, that his indictment was defective, and that his sentence was illegal. On February 21, 2023, the trial court entered an order to deny and summarily dismiss Gleason's motion as being time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020).

## STANDARD OF REVIEW

¶3.     In *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023), we wrote:

> A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

## ANALYSIS

¶4.     Pursuant to section 99-39-5(2), a PCR motion must be filed within three years after the entry of the judgment of conviction. Gleason's judgment of conviction was entered on September 12, 2018, and he did not file his PCR motion until October 18, 2022. Since his motion was not filed within three years, as required by statute, Gleason had the burden of proving that one of the exceptions set forth in section 99-39-5(2) applied to his motion. *See Fisher v. State*, 373 So. 3d 595, 597 (¶8) (Miss. Ct. App. 2023). Because Gleason failed to raise any of the statutory exceptions to the time-bar in his motion, the trial court denied and dismissed his PCR motion.

2

¶5. On appeal, Gleason argues that the claims raised by his PCR motion are sufficient to overcome the time-bar. However, the exceptions found in section 99-39-5(2), one of which Gleason was required to demonstrate, include:

1.  "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence . . .";

2.  "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence";

3.  "biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution"; or

4.  a "sentence [that] has expired or . . . probation, parole or conditional release [that] has been unlawfully revoked."

Miss. Code Ann. §99-39-5(2)(a)-(b). Because Gleason did not file his PCR motion within three years of the entry of his judgment of conviction and because Gleason raised none of these exceptions in his motion, we find that the circuit court did not err by denying and dismissing his PCR motion.

¶6. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**