# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00618-COA

JEREMIAH PATTON                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                               APPELLEE

DATE OF JUDGMENT:              12/03/2021
TRIAL JUDGE:                   HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED:     WAYNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JEREMIAH PATTON (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 11/05/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.    Jeremiah Patton filed a motion for post-conviction collateral relief (PCR) in the Circuit Court of Wayne County, Mississippi, on September 29, 2021, seeking relief from his guilty plea to capital murder on May 31, 1995. The trial court summarily dismissed Patton's claim for relief on December 3, 2021. Aggrieved by the trial court's decision, Patton appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.    During the July 1994 term, a Wayne County grand jury returned an indictment charging Patton with capital murder, with the underlying offense of armed robbery. On May 31, 1995, Patton entered a plea of guilty and was adjudicated guilty of capital murder and was sentenced to life imprisonment in the custody of the Mississippi Department of

Corrections. Patton filed his first PCR motion in Wayne County Circuit Court on February 23, 2012. This motion was denied on January 14, 2016, and that denial was not appealed. Patton filed another PCR motion with the Mississippi Supreme Court on May 19, 2014. This motion was dismissed without prejudice to his right to seek relief in the trial court on May 28, 2014. In his claim for relief filed on September 29, 2021, Patton alleges that he was denied due process of law because his capital murder indictment did not allege all the elements of the underlying felony (armed robbery). As a result, Patton asked that his conviction and sentence be set aside with prejudice.

## STANDARD OF REVIEW

¶3. In *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023), this Court wrote:

> A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

## ANALYSIS

¶4. The trial court summarily dismissed Patton's claim for relief pursuant to Mississippi Code Annotated section 99-39-11(2) for three reasons. First, as a result of the denial of his February 23, 2012 PCR motion, the trial court found that Patton's claim for relief was barred

as a successive motion pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2020). Second, the trial court found that Patton's claim was not filed within three years of his guilty plea and conviction. Therefore, the instant claim was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020). Finally, the trial court held that because the underlying felony in this capital murder case was armed robbery, it was not necessary to have set out the elements of armed robbery in the indictment. In *Batiste v. State*, 121 So. 3d 808, 836 (¶43) (Miss. 2013), the supreme court stated:

> In capital-murder cases, unless the underlying felony is burglary, "the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged." *Goff* [*v. State*], 14 So. 3d [625,] 665 [(¶176) (Miss. 2009) (citing *Bennett v. State*, 933 So. 2d 930, 952 (Miss. 2006)); Miss. Code Ann. § 99-17-20 (Rev. 2007). No further detail is required. *Goff*, 14 So. 3d at 665.

(Footnote omitted). The trial court found that Patton's indictment sufficiently charged him with capital murder, and based upon the face of Patton's PCR motion, he was not entitled to any relief.

## CONCLUSION

¶5.     We find that Patton's PCR motion was barred as a successive motion and as being untimely filed.[1] Patton fails to allege that any exception to these statutory bars is applicable to his claim. We find there is no exception available to Patton in this case.[2] We further find that Patton is not entitled to any relief based upon the face of his claim. Therefore, we find

---

[1] *See Badger v. State*, 369 So. 3d 90, 93 (¶¶9-10) (Miss. Ct. App. 2023).

[2] *See Thompson v. State*, 386 So. 3d 407, 410 (¶9) (Miss. Ct. App. 2024).

3

that the trial court did not err by summarily dismissing Patton's PCR motion pursuant to section 99-39-11(2).

¶6.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**