# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01330-COA

**JEFFREY COY BURNETTE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2023 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFREY COY BURNETTE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/21/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Jeffrey Coy Burnette filed a "Motion for Post-Conviction Collateral Relief to Correct Sentence" (PCR) in the Circuit Court of Walthall County, Mississippi. After the circuit court summarily dismissed his claim for relief, Burnette filed this appeal.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 12, 2019, Burnette pled guilty to "Touching, Handling, Etc. Child for Lustful Purposes MCA 97-5-23." Based upon his plea of guilty, the trial court found him guilty of the offense and sentenced Burnette to a term of fifteen years in the custody of the Mississippi Department of Corrections, with two years suspended and thirteen years to serve. The "Plea of Guilty and Sentencing Order" was entered on August 14, 2019.

¶3. On April 4, 2023, Burnette filed his PCR motion claiming that his sentence was illegal, his sentencing hearing was inadequate, he was denied his due process and equal protection rights to be free from an illegal and unconstitutional sentence, his sentence was unconstitutional because of the amount of time he would have to serve before becoming eligible for early release, and the statute under which he was sentenced is unconstitutional. The circuit court summarily dismissed his PCR motion on November 14, 2023, finding that Burnette's PCR motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020). Burnette appealed.

## STANDARD OF REVIEW

¶4. In *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023), this Court stated:

> A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

## ANALYSIS

¶5. Pursuant to section 99-39-5(2), Burnette was required to file his PCR motion within three years from the date of his conviction. As noted above, Burnette was convicted on August 14, 2019. He filed his PCR motion on April 4, 2023. This was clearly outside the

three-year period provided by the statute. Further, Burnette does not raise any statutory exception to the three-year time-bar. Therefore, Burnette's PCR motion was properly dismissed as time-barred. *See Brown v. State*, 391 So. 3d 225, 227 (¶3) (Miss. Ct. App. 2024).

## CONCLUSION

¶6. Because we find that Burnette's PCR motion was not filed within three years of the entry of judgment of conviction, the circuit court did not err by dismissing his claim as time-barred.

¶7. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. ST. PÉ, J., NOT PARTICIPATING.**

3